## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLEAR SPRING PROPERTY AND ) 
CASUALTY COMPANY, ) 
 ) 
     Plaintiff, ) 
 ) 
v. )    Case No. 22-cv-2435-DDC-TJJ
 ) 
ARCH NEMESIS, LLC, ) 
 ) 
     Defendant and ) 
     Third-Party Plaintiff, ) 
 ) 
v. ) 
 ) 
CONCEPT SPECIAL RISKS LTD., et. al, ) 
 ) 
     Third-Party ) 
     Defendants. ) 

### MEMORANDUM AND ORDER[1]

  This matter is pending before the Court on Plaintiff's Motion to Strike Jury Demand (ECF No. 13). Plaintiff Clear Springs Property and Casualty Company requests that the Court strike Defendant Arch Nemesis, LLC's jury demand based upon Plaintiff's election to proceed in admiralty in this declaratory judgment action pursuant to Fed. R. Civ. P. 9(h) and 38(e). Defendant opposes the motion, arguing Plaintiff's admiralty designation does not deprive Defendant of its

---

[1] This motion is being decided by the undersigned magistrate judge on a memorandum and order rather than a report and recommendation because the decision whether a party is entitled to a jury trial is not dispositive of a party's claim or defense under Fed. R. Civ. P. 72(b) and a motion to strike jury demand is not one of the motions listed under 28 U.S.C. § 636(b)(1)(A). *See Moreno v. Qwest Corp.*, No. 13-CV-00103-RM-MEH, 2013 WL 2444720, at n.1 (D. Colo. June 5, 2013) ("A motion seeking an order to strike a jury demand raises a non-dispositive issue."); *United States v. Carlson*, No. 06-cv-00275-WYD-MEH, 2006 WL 2869122, at n.1 (D. Colo. Oct. 6, 2006) ("Because consideration of a party's right to a jury trial is not dispositive of a claim or a defense of a party, an Order by the Magistrate Judge, subject to appeal under the clear error standard of Fed. R. Civ. P. 72(a), is appropriate, rather than a Recommendation pursuant to Fed. R. Civ. P. 72(b).").

Seventh Amendment right to have its counterclaims decided by a jury. For the reasons discussed in detail below, the Court finds Plaintiff's filing of the instant declaratory judgment action seeking a declaration of no insurance coverage under its policy on Defendant's vessel, including a Rule 9(h) designation in admiralty, does <u>not</u> strip Defendant of its right to a jury trial on legal counterclaims based on diversity jurisdiction arising out of the same insurance policy. The motion is denied.

## I.    RELEVANT FACTS AND PARTIES' ARGUMENTS

Plaintiff issued an insurance policy covering Defendant's yacht, named the Arch Nemesis. In May 2022, the Arch Nemesis sank off the coast of Mexico, and Defendant filed an insurance claim with Plaintiff.  During the investigation process, Defendant threatened to sue Plaintiff for bad-faith practices.  Plaintiff ultimately denied Defendant's insurance recovery claim.

On October 24, 2022, the same day Plaintiff denied Defendant's insurance claim, Plaintiff filed its Complaint, seeking Declaratory Judgment on seven counts asserting various breaches and lack of coverage under the insurance policy at issue.[2]  Plaintiff alleges the case is an admiralty and maritime case within the meaning of Fed. R. Civ. P. 9(h) and 38(e), and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.[3]

On December 19, 2022, Defendant filed its Answer, Affirmative Defenses, 11 Counterclaims, and Third Party Complaint,[4] alleging Plaintiff improperly denied coverage under

---

[2] Plaintiff alleges the following breaches of the insurance policy: (1) Breach of the Recommendations Warranty, (2) Breach of the Misrepresentation Provision, (3) Breach of the Doctrine of Uberrimae Fidei, (4) Breach of Fire Extinguisher Warranty, (5) Breach of the Seaworthiness Warranty, and (6) Breach of the Regulations Warranty. ECF No. 1, at 10–16.

[3] *Id.* at 1.

[4] ECF No. 11.

the insurance policy at issue.[5] Defendant alleges jurisdiction exists for its counterclaims under 28 U.S.C. § 1332, based upon diversity of citizenship and an amount in controversy in excess of $75,000. Defendant requests monetary damages and that all of its counterclaims against Plaintiff be tried to a jury.[6]

Plaintiff filed this motion to strike Defendant's demand for trial by jury, arguing Plaintiff elected to proceed in admiralty and there is no right to a jury in an action brought under admiralty or maritime jurisdiction. Although unusual for this land-locked court,[7] the basic issue presented here is not an uncommon one and has been succinctly summarized as whether a court should strike a defendant's jury demand under the following circumstances:

> A plaintiff [files a declaratory judgment action and] properly designates its claim as an admiralty or maritime claim under Rule 9(h). Subject matter jurisdiction in the district court would also exist under the diversity statute. The defendant asserts common law counterclaims (such as breach of contract) and demands a jury trial on the counterclaims. Plaintiff moves to strike the jury demand.[8]

---

[5] Defendant asserts the following counterclaims against Plaintiff: (1) Actual Fraud, (2) Negligent Misrepresentation, (3) Estoppel/Detrimental Reliance, (4) Violation of Texas Deceptive Trade Practices Act, (5) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, (6) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act—Unfair Conduct Claim, (7) Violation of Section 155 of the Illinois Insurance Code, (8) Breach of Contract, (9) Breach of the Implied Duty of Good Faith and Fair Dealing, (10) Bad Faith, (11) Breach of Texas Insurance Code: Unfair Settlement Practice (counterclaims 4–11 are pled in the alternative).

[6] ECF No. 11, at 93. On March 6, 2023, Third Party Defendant West Coast Real Estate & Insurance, Inc. also filed a Demand For Trial by Jury (ECF No. 34).

[7] As aptly noted in the case *In re Aramark Sports & Ent. Serv., LLC,* "Admiralty law is not a commonplace in the Tenth Circuit." 831 F.3d 1264, 1270 (10th Cir. 2016).

[8] *Clear Spring Prop. & Cas. Co. v. Matador Sportfishing, LLC*, No. 1:21-CV-01581, 2022 WL 888099, at *4 (M.D. Pa. Mar. 24, 2022) (quoting *Great Lakes Reinsurance (UK) v. Herzig*, 413 F.Supp.3d 177, 185 (S.D.N.Y. 2019)).

The interplay between a plaintiff's invocation of admiralty jurisdiction and a defendant's jury demand on its counterclaims in the context of a declaratory judgment action "remains an unsettled area of the law."[9]

## II.   LAW REGARDING THE RIGHT TO JURY TRIAL

The Seventh Amendment preserves the "right of trial by jury" in suits at common law. "The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment."[10]  Trial by jury is a vital and cherished right, integral in the judicial system.[11]  In cases filed in federal courts, the right to a jury trial is governed by federal law,[12] with the procedural aspects governed by Federal Rules of Civil Procedure 38 and 39.  Under Rule 38(a), the parties' right of trial by jury as declared by the Seventh Amendment or as provided by a federal statute is preserved "inviolate."[13]  Rule 39(a) provides that when a party has demanded a jury trial under Rule 38, a jury trial must be awarded on all issues demanded unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[14]

Specifically with regard to jury trials in admiralty cases, the Supreme Court has stated:

While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the

---

[9] *Id.*

[10] *Jacob v. City of New York*, 315 U.S. 752, 752 (1942).

[11] *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949).

[12] *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions . . . [to ensure] uniformity in its exercise which is demanded by the Seventh Amendment.").

[13] Fed. R. Civ. P. 38(a).

[14] Fed. R. Civ. P. 39(a)(2).

Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.[15]

Rule 9(h)(1) governs pleading admiralty or maritime claims and states that in drafting a pleading, a party "may designate the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), and 82."[16] Rule 38(e) provides: "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."[17] However, under what is commonly known as the "saving to suitors" clause of 28 U.S.C. § 1333, "district courts shall have original jurisdiction, exclusive of the courts of the States, of (1) Any civil case of admiralty or maritime jurisdiction*, saving to suitors in all cases all other remedies to which they are otherwise entitled*."[18] The effect of the saving to suitors clause is to give a maritime or admiralty plaintiff options when selecting a forum, including the right to demand a jury trial on claims at law:

> First, the claimant may invoke federal admiralty jurisdiction under the grant of original and exclusive subject-matter jurisdiction over admiralty, maritime, and prize cases given to the federal courts by [28 U.S.C. § 1333]. Neither complete diversity of citizenship nor a minimum amount in controversy need be shown to bring an action under the statute, but, if one or more alternative bases of federal subject-matter jurisdiction exist, the plaintiff affirmatively must invoke admiralty jurisdiction in the complaint. [T]ypically, plaintiffs will have no right to a trial by jury if they invoke the federal court's general admiralty and maritime jurisdiction. . . . On the other hand, the presence of a jury triable counterclaim may create some difficulty on the point because at present the existing precedents are not consistent in their results.

---

[15] *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963) (internal citations omitted). The Seventh Amendment guarantee of a jury trial applies only to cases at law, a category that does not include maritime cases. *Waring v. Clarke*, 46 U.S. 441, 460 (1847).

[16] Fed. R. Civ. P. 9(h)(1).

[17] Fed. R. Civ. P. 38(e).

[18] 28 U.S.C. § 1333(1) (emphasis added).

> Second, the judicial precedents make it clear that, by virtue of the saving-to-suitors clause, the plaintiff also has the option of either asserting [the] claim at law (whether it be based on tort or contract)—as opposed to admiralty—in a state court or bringing a diversity of citizenship suit in a United States district court. . . .

> With regard to trial by jury in cases pursuing this second option, a claim brought on the 'law' side of the federal courts can be tried to a jury on demand of one of the parties, even though it is maritime in nature, in accordance with the constitutional command of the Seventh Amendment.[19]

The interpretation and implications of the saving to suitors clause are discussed in greater detail in the following sections.

## III.   THE "MAJORITY" RULE CLARIFIED

"When the plaintiff's admiralty claim triggers a compulsory legal counterclaim and jury demand, the federal courts are divided about whether the defendant is entitled to a jury trial on his counterclaim."[20] Courts have generally followed three different approaches: (1) find the plaintiff's Rule 9(h) designation controls and hold a bench trial on all claims,[21] (2) find the defendant's Seventh Amendment right to a jury trial trumps Plaintiff's Rule 9(h) designation and hold a jury trial on all claims,[22] or (3) find that the plaintiff's and the defendant's claims are not sufficiently related, sever the claims, and hold a bench trial for Plaintiff's admiralty claim and a jury trial for Defendant's legal counterclaims.[23] The Tenth Circuit has not yet addressed this issue.

---

[19] 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3672 (4th ed.).

[20] *ING Groep, NV. v. Stegall*, No. CIVA03-PC-1621(BNB), 2004 WL 3178077, at *2 (D. Colo. Sept. 28, 2004).

[21] *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1189 (11th Cir. 2009).

[22] *In re Lockheed Martin Corp.*, 503 F.3d 351, 360 (4th Cir. 2007).

[23] *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

Plaintiff argues the Court should follow what it characterizes as the view adopted by the "majority of federal circuits" and find Plaintiff's election to bring suit in admiralty is binding on the remainder of the action even when the action invokes both admiralty and diversity jurisdiction. Defendant argues the Court should follow the United States Supreme Court case, *Beacon Theatres, Inc. v. Westover*,[24] and similar cases, and find the mere fact that Plaintiff took advantage of the availability of declaratory relief to sue Defendant first does not deprive Defendant of its right to a jury under the Seventh Amendment.

First, the Court will address what it believes is a misnomer in the briefing with regard to what is the "majority view" on this issue. To the extent Plaintiff's briefing may give the impression the majority of federal circuit courts of appeal to consider the issue have held that, when a plaintiff brings an action invoking both diversity and admiralty jurisdiction, a plaintiff's election to sue in admiralty is binding on the remainder of the action,[25] that impression would be incorrect. Indeed, the Fourth, Eighth, and Ninth Circuits have held that a party's Seventh Amendment right to a jury trial under separate jurisdictional grounds outweighs the plaintiff's Rule 9(h) designation and preference for a bench trial in an admiralty action.[26] The First Circuit also signaled in *Concordia Co., Inc. v. Panek* it agreed with the view that, according to *Beacon Theatres*, the trial court must attempt to preserve the defendant's right to a trial by jury even if the plaintiff elects to proceed

---

[24] 359 U.S. 500 (1959).

[25] In Plaintiff's Memorandum in Support of its Motion to Strike Jury Demand, Plaintiff states "The *majority of federal circuits* have adopted the view that when a Plaintiff brings an action that invokes both diversity and admiralty jurisdiction, the Plaintiff's election to bring suit in admiralty is binding on the remainder of the action." (ECF No. 14 at 5) (emphasis added).

[26] *See In re Lockheed Martin Corp.*, 503 F.3d 351, 359–60 (4th Cir. 2007); *Koch Fuels,* 704 F.2d 1038, 1042 (8th Cir. 1983); *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1032 (9th Cir. 1991).

under admiralty law.[27] On the other hand, only two federal circuit courts of appeal—the Fifth and Eleventh Circuits—have adopted the opposite view.[28] This Court therefore disavows any suggestion the majority of federal circuit courts of appeal have held that, when a plaintiff brings an action invoking both diversity and admiralty jurisdiction, plaintiff's election to sue in admiralty is binding on the remainder of the action. Instead, this Court finds the majority view of the federal circuit courts of appeal (the Fourth, Eighth, and Ninth Circuits) to consider the issue is that a party's Seventh Amendment right to a jury trial under separate jurisdictional grounds outweighs the plaintiff's Rule 9(h) designation and preference for a bench trial in an admiralty action.

The Court is not suggesting that Plaintiff's "majority of federal circuits" argument is intentionally misleading. Plaintiff may have intended to convey that the majority of *district courts* from the various circuits support their non-jury trial argument. Even that argument, though, the Court finds unsupported. Plaintiff cites cases from New York federal district courts for what it refers to generally as the "majority rule."[29] In *Herzig*, the court stated: "The rule derived from the distinct majority of decisions is that if the defendant's counterclaims arise out of the same contract as the plaintiff's claims and involve the same operative facts, the plaintiff's Rule 9(h) designation

---

[27] 115 F.3d 67, 71 (1st Cir. 1997).

[28] *See Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978); *St. Paul Fire & Marine Ins. Co.*, 561 F.3d at 1189. It appears Plaintiff mistakenly referenced the Fifth and *Third* Circuits in support of its position. *See* ECF No. 14 at 6. But, the Third Circuit case it cites, *Complaint of Consolidation Coal Co.*, provides no such support. 123 F.3d 126, 134 (3d Cir. 1997). Indeed, based on a "convoluted procedural and factual history" not instructive here, the court actually noted that "an admiralty claim may be heard by a jury when it is joined with a claim for which there is a right to a jury trial." *Id.* at 129, 134. As noted in *Matador Sportfishing, LLC*, 2022 WL 888099, at *3, the Third Circuit has yet to rule on the issue presented here.

[29] *See* ECF No. 14 at 5, citing *Herzig*, 413 F.Supp.3d at 185 (quoting *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, No. 06 CIV. 3123 (CSH), 2008 WL 2980919, at *1 (S.D.N.Y. Aug. 1, 2008)).

trumps defendant's jury demand, and the entire case will be tried to the court without a jury."[30] *Herzig* was quoting *Lafarge,* which cited no cases to support its "distinct majority" pronouncement.[31]  *Herzig* added a string citation to the quote that includes only cases from the Second Circuit (all district court cases from New York, save one district court case from Connecticut). *Herzig* concluded by finding "the prevailing view *in this Circuit* persuasive."[32] Thus, to the extent *Herzig* and *Lafarge* refer to a majority view, it appears they are referring to the majority view of district court cases in the Second Circuit. Plaintiff also cites *Matador Sportfishing, LLC*, where the Court found the "majority" view gave precedence to plaintiff's choice of admiralty jurisdiction and a bench trial to be the more persuasive position.[33] In *Matador Sportfishing, LLC*, the court did discuss a number of cases on both sides of the issue, but among them it quotes the questionable "distinct majority" language from *Herzig*; it is unclear from the discussion that there is any true majority view among federal district courts.[34] Further, the court does not discuss its bases for finding the "majority view" more persuasive, other than referring to it as simply that.[35]

 The Court calls into question any suggestion of a majority view among the federal district courts for the reasons discussed *supra*. In any event, this Court is not bound by any of those cases

---

[30] 413 F. Supp. 3d at 185.

[31] *See Lafarge,* 2008 WL 2980919, at *1.

[32]  *Id*. (emphasis added).

[33] 2022 WL 888099, at *8.

[34] *Id*.

[35] *Id.*

from other federal district courts.[36] Moreover, as discussed in detail below, the Court finds the majority view of the federal circuit courts of appeal to be of greater weight and better reasoned than the supposed majority view expressed by the district court in *Lafarge* and its progeny, all of which in this Court's view suffer a fatal flaw—failing to substantively address the analysis set out in *Beacon Theatres*.

## IV.    BEACON THEATRES

In the 1959 U.S. Supreme Court case, *Beacon Theatres, Inc. v. Westover*[37], the Court held that the Declaratory Judgment Act, while  allowing prospective defendants to sue to establish their nonliability, specifically preserved the right to jury trial for both parties, and a party cannot be deprived of that right merely because the other party "took advantage of the availability of declaratory relief to sue . . . first."[38] *Beacon Theatres* was a declaratory judgment action that involved a dispute over the right to jury trial analogous to the dispute at issue here. The plaintiff in that case sued for declaratory judgment, alleging nonliability under the Sherman Antitrust Act, and requested a bench trial.[39]  The defendant, a competitor of the plaintiff, counterclaimed and alleged antitrust violations, seeking treble damages and demanding a jury trial.[40]  The district court held that plaintiff's claims were essentially equitable and should be tried to the court before a jury

---

[36] *Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008) (*Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003)).

[37] 359 U.S. 500, 504 (1959).

[38] *Id.*

[39] *Beacon Theatres*, 359 U.S. at 502–03.

[40] *Id.* at 503–04.

determined the validity of the competitor's compulsory counterclaims for antitrust violations.[41] On review, the Ninth Circuit affirmed.[42]  But, the Supreme Court reversed the decision, finding that the right to a jury trial "in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle."[43]

"[The Declaratory Judgment Act,] while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties."[44]  The Supreme Court held that a defendant should not be deprived of its right to a jury trial merely because the plaintiff "took advantage of the availability of declaratory relief to sue [the defendant] first."[45] "In exercising its discretion, a trial court must, whenever possible, strive to preserve the right to trial by jury."[46]  The Supreme Court further reiterated that the right to a jury trial "cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency."[47]

---

[41] *Id.*

[42] *Id.* at 504–05.

[43] *In re Lockheed Martin Corp.*, 503 F.3d at 355 (citing *Beacon Theatres*, 359 U.S. at 504).

[44] *Beacon Theatres*, 359 U.S. at 504

[45] 359 U.S. at 504.

[46] *Koch Fuels,*, 704 F.2d at 1042 (citing *Beacon Theatres*, 359 U.S. at 510).

[47] *Beacon Theatres*, 359 U.S. at 510 (quoting *Scott v. Neely*, 140 U.S. 106, 109–10 (1891)).

## V.     ANALYSIS

### A.     Whether The Court Should Strike Defendant's Jury Demand

The precise issue presented in this case is whether the Court should strike Defendant's jury demand on common law counterclaims properly based on diversity jurisdiction when the lawsuit was filed by Plaintiff as a declaratory judgment action and properly designated the claims as in admiralty under Rule 9(h). The Court finds Plaintiff's filing of the instant declaratory judgment action seeking a declaration of no insurance coverage under its policy on Defendant's vessel, including a Rule 9(h) designation in admiralty, does <u>not</u> strip Defendant of its right to a jury trial on legal counterclaims based on diversity jurisdiction arising out of the same insurance policy. The Court finds the reasoning in the cases from the Fourth, Eighth, and Ninth Circuits, relying upon *Beacon Theatres, Inc. v. Westover*, persuasive.[48] On the other hand, the federal circuit courts of appeal cases cited by Plaintiff from the Fifth and Eleventh circuits are not persuasive.[49]

The Fourth, Eighth, and Ninth Circuits have relied on *Beacon Theatres*, finding a party's Seventh Amendment right to a jury trial under separate jurisdictional grounds outweighs the

---

[48] *See In re Lockheed Martin Corp.*, 503 F.3d at 351; *Koch Fuels,* 704 F.2d at 1038; *Wilmington Tr.*, 934 F.2d at 1026.

[49] *See Harrison*, 577 F.2d at 968; *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc*., 702 F.2d 585 (5th Cir. 1983); *St. Paul Fire & Marine Ins. Co.*, 561 F.3d at 1181. A critical element in this case is that Plaintiff initiated the lawsuit by filing a declaratory judgment action, and neither *Harrison* nor *T.N.T* was a declaratory judgment action. *Harrison* and *T.N.T.* arose out of dramatically different factual scenarios than the instant case. Notably, the court in *Harrison* explained, "we refuse to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant." 577 F.2d at 987. Subsequently, the Eleventh Circuit in *St. Paul Fire & Marine Ins. Co.* held that it was required by the Eleventh Circuit's prior panel precedent rule to follow *Harrison;* it was bound by *Harrison* without any appraisal of the initial decision's correctness. 561 F.3d at 1188–89. Most importantly, none of these three cases includes any substantive discussion of *Beacon Theatres* and the analysis set out in that case, which this Court finds persuasive and compelling here in this declaratory judgment action.

plaintiff's preference for a bench trial in an admiralty case.[50]   The courts further recognize that while "there is no constitutional right to a jury trial in an admiralty case, neither is there a prohibition against jury trials in admiralty cases."[51]   Further, the Fourth Circuit found the declaratory judgment defendant did not lose its right to a jury trial merely because the plaintiff insurer won the race to the courthouse and initiated the declaratory judgment action.[52] As the court in *Wilmington Trust* noted, the "same concerns expressed by the Court in *Beacon Theatres* exist when parties join admiralty claims with claims to which a right to a jury trial attaches."[53] This Court agrees.

At issue here is whether Plaintiff's election to proceed under admiralty without a jury should take priority over Defendant's Seventh Amendment right to a jury under the saving to suitors clause merely because Plaintiff filed its declaratory judgment claims first.  In the Fourth Circuit case, *In re Lockheed Martin Corp.*, with facts very similar to the facts in this case, the court addressed the issue and determined *Beacon Theatres* required the court "to ignore [plaintiff insurance company's] status as the declaratory judgment plaintiff and to instead look to how the action otherwise would have proceeded."[54]  The court found but for the existence of the declaratory judgment procedure, the plaintiff would have had to wait until the defendant brought the action, and the defendant, or essentially the real plaintiff in interest, would have been able to demand a

---

[50] *See In re Lockheed Martin Corp.*, 503 F.3d at 352; *Koch Fuels,* 704 F.2d at 1038; *Wilmington Tr.*, 934 F.2d at 1026.

[51] *Koch Fuels*, 704 F.2d at 1041; *see also Wilmington Tr.*, 934 F.2d at 1029.

[52] *In re Lockheed Martin Corp.*, 503 F.3d at 359–60.

[53] *Wilmington Tr.*, 934 F.2d at 1031–32. *See also Koch Fuels,* 704 F.2d at 1042; *In re Lockheed Martin Corp.*, 503 F.3d at 358–59.

[54] *In re Lockheed Martin Corp.*, 503 F.3d at 359.

jury trial under the saving to suitors clause.[55]  The court held that "allowing a plaintiff's Rule 9(h) designation to preclude a jury trial on compulsory legal counter-or-cross-claims effectively and improperly elevates the traditional mode of trial in admiralty (a bench trial) to a right *not* to proceed before a jury."[56]  In balancing the tradition of non-jury trials under admiralty law with defendant's constitutionally guaranteed mode of trial, the court found the saving to suitors clause permits the defendant—the real plaintiff in interest—to choose its preferred method of trial and the Seventh Amendment right to a jury trial attaches when the defendant asserts a counterclaim under separate jurisdictional grounds.[57]  *In re Lockheed Martin Corp.* is persuasive and this Court adopts its reasoning.

Prior to enactment of the Declaratory Judgment Act, a lawsuit to resolve a dispute over insurance coverage on an admiralty or maritime policy would traditionally have been filed by the policy holder or insured.[58]  It is undisputed that, if Defendant had filed suit against Plaintiff for breach of the insurance policy on the Arch Nemesis before Plaintiff filed its declaratory action,[59] Defendant would have been entitled under the saving to suitors clause to a jury trial on its claims.

---

[55] *Id.*at 360. *See also St. Paul Fire & Marine Ins. Co.*, 561 F.3d at 1198 (Wilson, J., concurring) (noting in the context of a declaratory judgment action, the normal position of the parties is reversed, and the defendant becomes the "real plaintiff-in-interest").

[56] *Id.* at 358.

[57] *Id.*

[58] The Court has reviewed similar cases involving insurers or insureds disputing policy coverage prior to the passage of the Declaratory Judgment Act of 1934, which revealed the procedural posture of those cases were typically insured versus insurer. *See Kahmann & McMurray v. Aetna Ins. Co.*, 236 F. 430, 430 (E.D. La. 1916), *rev'd sub nom. Kahmann & McMurray v. Aetna Ins. Co. of Hartford, Conn.*, 242 F. 20 (5th Cir. 1917); *Hume v. Frenz*, 150 F. 502, 503 (9th Cir. 1907); *Ronan v. Indem. Mut. Marine Assur. Co.*, 127 F. 757, 758 (S.D.N.Y. 1904); *Peele v. Suffolk Ins. Co.*, 24 Mass. 254, 260 (1839).

[59] But, of course, that was not possible because Plaintiff filed this lawsuit on the same day it denied coverage under the subject insurance policy.

Defendant should not be denied its jury trial right merely because Plaintiff filed suit first. As the Fourth Circuit noted in *Lockheed Martin*: "To permit the plaintiff's choice of a customary but not constitutionally required mode of trial to prevent a defendant from taking advantage of his constitutionally guaranteed mode of trial is inconsistent with the Supreme Court's admonition that the Seventh Amendment right to a jury trial must be preserved 'wherever possible.'"[60]

Plaintiff argues *Beacon Theatres* is distinguishable from this case because that case involved legal claims under the Sherman Antitrust Act for which there was a Seventh Amendment right to a jury trial, not an admiralty or maritime claim where there is no such Seventh Amendment right. The crux of Plaintiff's argument is that there is simply no Seventh Amendment right to a jury trial in an admiralty case. The Court fundamentally disagrees with Plaintiff's argument.

First, Plaintiff is much too quick to dismiss the "vital and cherished right" to a jury trial in our judicial system for an entire category of claims (admiralty).[61] It is an oversimplification to suggest that the Seventh Amendment's right to a jury trial simply does not apply in admiralty cases. The saving to suitors clause preserves the right to demand a jury trial on admiralty claims, specifically granting a suitor (the real plaintiff in interest) the right to choose whether or not to elect to pursue its claim under admiralty or general civil jurisdiction.[62]   Again, but for Plaintiff filing its declaratory judgment action first, Defendant would have been entitled to demand a jury trial under the saving to suitors clause. Plaintiff's argument that Defendant has no Seventh Amendment right to jury trial because it filed this declaratory judgment action first so as to cut off

---

[60] *In re Lockheed Martin Corp.*, 503 F.3d at 358.

[61] *City of Morgantown, W. Va.*, 337 U.S. at 258.

[62] 28 U.S.C. § 1333.

Defendant's Constitutional right is not compelling.[63] If the Court were to adopt this rule, then it would lead to inconsistent rights to jury trial based upon the mere timing of which party filed their complaint first.

Second, the Declaratory Judgment Act, while allowing prospective defendants to sue to establish their nonliability, preserved the right to jury trial for both plaintiffs and defendants.[64] Applying *Beacon Theatres'* method for determining whether there is a right to jury trial in this case requires only consideration of whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle.  In both *Beacon Theatres* and this case, the party commencing suit would have been the defendant but for the existence of the declaratory judgment procedure, and the real plaintiff in interest would have the Seventh Amendment right to a jury trial. The court in *Beacon Theatres* did not limit its holding to antitrust cases or any other type of case. It certainly did not exclude admiralty cases. This Court rejects Plaintiff's circular reasoning to the effect "that *Beacon Theatres'* method for determining whether there is a right to a jury applies only in cases where there in fact is a right to a jury trial."[65]

Third, neither the Seventh Amendment, nor any other provision of the Constitution forbids jury trials in admiralty or maritime cases. "Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases."[66] While the Seventh Amendment does not guarantee a plaintiff in admiralty a right to a jury trial, it also does not guarantee the plaintiff

---

[63] Plaintiff's argument is akin to that of the boy who killed his parents and then threw himself on the mercy of the court as an orphan.

[64] *See Beacon Theatres*, 359 U.S. at 504.

[65] *In re Lockheed Martin Corp.*, 503 F.3d at 359.

[66] *Id.* at 358.

in admiralty a right to a bench trial.[67] Yet, that would be precisely the effect of Plaintiff's argument in declaratory judgment actions such as this—so long as a plaintiff files its declaratory judgment action first with a Rule 9(h) designation it would be guaranteed a bench trial.

Fourth, for the reasons discussed in the preceding paragraph, Plaintiff's non-jury trial argument would incentivize a race to the courthouse in cases such as this. The fact scenario in this case highlights the point. Plaintiff filed this declaratory judgment action on the very day it denied coverage under its insurance policy. Defendant didn't even have a chance to race Plaintiff to the courthouse. In every situation, the insurance company could manipulate when the insured was notified of the denial of coverage so as to ensure the company always filed suit first and thus ensure the insured could never receive a jury trial. Like other courts that have considered the issue, this Court cannot condone such a result.

Fifth, a key issue in this case, which must be at the forefront of the Court's legal analysis, is the effect and impact of Plaintiff's filing of this case as a declaratory judgment action in admiralty. It is that action which enables Plaintiff's argument that Defendant has no Seventh Amendment right to a jury trial on its common law counterclaims. *Beacon Theatres* is Supreme Court authority specifically addressing the effect and impact of a declaratory judgment filing on a defendant's right to a jury trial on its common law counterclaims. Plaintiff argues *Beacon Theatres* is distinguishable because it was not an admiralty case but does not articulate why that should make a difference. Plaintiff does not address *Beacon Theatres* until its Reply and then cites no cases which articulate any rationale to support its argument that the *Beacon Theatres* analysis

---

[67] *Id.* (citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963)) ("[A]llowing a plaintiff's Rule 9(h) designation to preclude a jury trial on compulsory legal counter-or-cross-claims effectively and improperly elevates the traditional mode of trial in admiralty (a bench trial) to a right *not* to proceed before a jury.").

should not apply in admiralty cases such as this.[68] This Court finds the analysis adopted in *Beacon Theatres* relative to declaratory judgment cases applicable here, and Plaintiff has not provided any arguments or authorities to persuade the Court otherwise.

Finally, the Court rejects Plaintiff's argument that the Advisory Committee Notes to the 1966 Amendments to Rule 9(h) support the denial of Defendant's right to jury trial on its counterclaims in this case. Plaintiff cites *ING Groep, NV v. Stegal* [69] for the proposition that there is no constitutional right to a jury trial in maritime actions and then, without any analysis, quotes the following language from the Notes: "[o]ne of the important procedural consequences [of Rule 9(h)] is that in the civil action neither party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute."[70]  This Note was to the 1966 Amendment to Rule 9, well after the enactment of the Declaratory Judgment Act of 1934 and the Supreme Court's 1959 decision in *Beacon Theatres*, yet the Note makes no mention of either. The Court cannot find that the quoted language, which is at best vague and unclear, was intended to override the Seventh Amendment right to jury trial in admiralty cases under the circumstances presented here.

Consistent with the rule adopted by the Fourth, Eighth, and Ninth Circuit courts of appeal, under the facts presented in this case, the Court finds Plaintiff's filing of the instant declaratory

---

[68] None of the cases cited include any substantive discussion of *Beacon Theatres*, many simply adopt the supposed majority rule without any analysis of *Beacon Theatres* or simply state *Beacon Theatres* is distinguishable without any analysis of the case.

[69] 2004 WL 3178077, at *2.

[70] Plaintiff's Reply (ECF No. 24 at 3) (quoting Fed. R. Civ. P. 9(h), Advisory Committee Notes). Plaintiff places undue emphasis on *ING*, 2004 WL 3178077, at *2, a District of Colorado case that is not binding on this Court. *See Garcia*, 534 F.3d at 1329 (*quoting Bank of Am., N.A.*, 330 F.3d at 949) (a district court decision is not binding on another district court and "cannot be treated as authoritative on issues of law"). Plaintiff states *ING* is "precedent in the Tenth Circuit," which it is not for this Court.

judgment action seeking a declaration of no insurance coverage under its policy on Defendant's vessel, including a Rule 9(h) designation in admiralty, does <u>not</u> strip Defendant of its right to a jury trial on legal counterclaims based on diversity jurisdiction arising out of the same insurance policy.

**B.     Whether To Hold Separate Trials**

Defendant argues both its counterclaims and Plaintiff's declaratory judgment claims should be tried to a jury because the claims are sufficiently related.  Plaintiff argues there is no legal basis to have its claims heard by a jury because it successfully invoked the admiralty jurisdiction of the Court, and there is no right to a jury trial under admiralty jurisdiction.

Under Rule 42(b), the Court, in its discretion and to avoid prejudice, "may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."[71]  Where "both parties, using different triers of fact, could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results, a trial judge may separate the claims in the interests of preserving constitutional rights, clarity, or judicial economy."[72]

Plaintiff's declaratory judgment claims and Defendant's counterclaims depend upon whether Defendant's loss is covered by its insurance policy with Plaintiff.  Both parties concede that in order to prevail, Plaintiff will need to prove the policy does not cover Defendant's loss and Defendant must prove that Plaintiff's policy covers Defendant's loss.  Trying first either Plaintiff's declaratory judgment claims to the court or Defendant's counterclaims to the jury would

---

[71] Fed. R. Civ. P. 42(b).

[72] *Koch Fuels*, 704 F.2d at 1042; Fed. R. Civ. P. 42(b)

necessarily prejudice the other by determining the entirety of the issue before the other has its opportunity to litigate in its chosen mode of trial.

"[A] long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules [the Supreme Court could not then] anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims."[73]   The Court finds Plaintiff's election to proceed without a jury does not rise to the level of "imperative circumstances."   As previously stated, neither the Seventh Amendment nor any other provision of the Constitution forbids jury trials in admiralty or maritime cases. As the Supreme Court found in *Beacon Theatres*, the mere fact Plaintiff won the race to the courthouse and filed its declaratory judgment action first should not deprive Defendant of its constitutional right to a jury trial.   Thus, in trying both Plaintiff's and Defendant's claims to a jury in one trial, the Court avoids violating Plaintiff's constitutional rights, and preserves inviolate Defendant's Seventh Amendment right to a jury trial, clarity, and judicial economy.[74] Therefore, the Court finds that the entire case should be tried before a jury.[75]

---

[73] *Beacon Theatres*, 359 U.S. at 510–11.

[74] In similar declaratory judgment actions in admiralty or maritime cases involving requests for declarations of no coverage under insurance policies and counterclaims alleging breaches of those insurance policies, courts have ordered that the plaintiff's and the defendant's claims and counterclaims be tried by jury. *See Progressive N. Ins. Co. v. Bachmann*, 314 F. Supp. 2d 820, 833 (W.D. Wis. 2004); *In re Lockheed Martin Corp.*, 503 F.3d at 359–60.

[75] In *Bachmann*, the judge concluded her opinion by stating she "will consider bifurcating the claims at trial and presenting the coverage question to the jury first. This is because defendant might have evidence relevant to bad faith that is not relevant to the coverage dispute that could prejudice plaintiff's right to a fair trial on that issue." 314 F. Supp. 2d at 833.   In this case, which also includes counterclaims for bad faith, at trial, the district judge could consider bifurcating the coverage and bad faith issues.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Strike Jury Demand (ECF No. 13) is DENIED.  The Clerk's Office shall update the docket to reflect that the trial setting before District Judge Daniel D. Crabtree will be a **jury trial**.

IT IS SO ORDERED.

Dated this 22nd day of September, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge